RECEIVED
USDC CLERK, CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

2006 SEP 26  A 8: 15

Michael Owens, #265085,        )    C. A. No. 2:06-0639-GRA-RSC
                               )
              Petitioner,      )
                               )
         -versus-              )    **REPORT AND RECOMMENDATION**
                               )
Anthony Padula, Warden, Lee    )
Correctional Institution; Jon  )
Ozmint; and Henry McMaster,    )
Attorney General of the State  )
of South Carolina,             )
                               )
              Respondents.     )

This habeas corpus petition under 28 U.S.C. § 2254 filed March 7, 2006, by a state prisoner proceeding *pro se* and *in forma pauperis* is before the undersigned United States Magistrate Judge for a report and recommendation on the parties' cross-motions for summary judgment.  28 U.S.C. § 636(b).

### PROCEDURAL HISTORY

The petitioner, Michael Owens, is currently confined at the Lee Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Horry County.  Petitioner was indicted at the February 24, 2000, term of the Court of General Sessions for Horry County for trafficking in crack cocaine (00-GS-26-332).  Stuart Axelrod, Esquire, represented the petitioner on the charges.  On March 14, 2000, the petitioner appeared for trial before the Honorable Rodney A. Peeples and a jury, at the conclusion of which the jury

1

found petitioner guilty as charged.  Judge Peeples sentenced the
petitioner to confinement for thirty (30) years and fined him
$50,000.

Petitioner filed a timely Notice of Intent to Appeal and an
appeal was perfected on his behalf by Aileen P. Claire, Esquire,
of the South Carolina Office of Appellate Defense.  On February
16, 2001, Claire filed a Final <u>Anders</u> Brief and petition to be
relieved as counsel, presenting the following issue for review.

> Did the lower court err in finding that the
> warrant to search appellant's motel room was
> valid?

On October 15, 2001, the South Carolina Supreme Court
dismissed the petitioner's appeal and granted counsel's petition
to be relieved as counsel.  <u>State v. Owens</u>, Unpub.Op.No. 01-UP-
428 (S.C.Sup.Ct. filed Oct. 15, 2001).

On January 25, 2002, the petitioner filed an Application for
Post-Conviction (PCR) in which he asserted:

1.   Ineffective assistance of counsel;

2.   Newly discovered evidence;

3.   The Constitutional Right to Confrontation.

(02-CP-26-440).  The state filed a return and motion to dismiss
in the matter dated May 7, 2003.  On May 9, 2002, Petitioner <u>pro
se</u> added a claim "Illegal search Warrant". (App. p. 253).

The Honorable Steven H. John held an evidentiary hearing in
the matter on June 5, 2003, at which Petitioner was present and

2

was represented by Scott Joye, Esquire.  At that time, the
petitioner indicated that he believed his lawyer was ineffective
because he did not attempt to exclude a person petitioner knew
and objected to from the jury, because he did not object to
hearsay testimony of Officer Sessions about what a confidential
informant told him, and in not getting a plea offer from the
state.  He also argued that his trial was unfair because he did
not get to confront the confidential informant.  His attorney
raised a new issue: whether the sentence imposed was illegal.

On September 9, 2003, Judge John filed an Order of Dismissal
denying the PCR, in which he addressed only the ineffective
assistance of counsel and illegal sentence issues. (App. pp. 291-
292).

Next, on September 22, 2003, counsel filed a notice of
appeal.  On May 19, 2004, counsel filed a Johnson Petition for
Writ of Certiorari and a petition to be relieved as counsel,
presenting the following question for review:

> Whether the PCR court erred in ruling that
> petitioner was not entitled to post-conviction
> relief where petitioner demonstrated that his
> counsel was ineffective and he was prejudiced by
> that ineffectiveness?

The South Carolina Supreme Court denied the petitioner by
Order dated May 18, 2005.  The remittitur was issued on June 6,
2005.

3

Respondents attach and incorporate herein by reference the following materials:

> 1.   Appendix;
>
> 2.   Johnson Petitioner for Writ of Certiorari, dated May 19, 2004;
>
> 3.   Order of the Supreme Court of South Carolina, dated May 18, 2005;
>
> 4.   Remittitur dated June 6, 2005.

On March 7, 2006, Petitioner filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 in this court and presented the following grounds:

> Ground One: "Conviction obtained by violating Petitioner's right to confront the witness(s) against him.
>
> Petitioner contends that what the informant allegedly said to the police officer is hearsay and, therefore, its admission of the officer's testimony as to what the informant allegedly said violated his right to be confronted with witnesses against him."
>
> Ground Two: "The prosecutor committed prosecutorial misconduct by violating Brady v. Maryland.
>
> The prosecutor failed to turn over to the defense after request the name(s) of the informant or informants that was involved with making this case and/or a participant in this case."

The respondents filed a motion for summary judgment on April 28, 2006. On May 5, 2006, the Petitioner was provided a copy of the respondent's summary judgment motion and was given an explanation of dismissal and summary judgment procedure as well

4

as pertinent extracts from Rules 12 and 56 of the Federal Rules

of Civil Procedure similar to that required by Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975).  The petitioner opposed

the motion on May 11, 2006, and also filed a motion for summary

judgment at that time.  Hence it appears consideration of the

motions is appropriate.

## STANDARD OF REVIEW

The present habeas corpus petition was filed February 2,

2006.  Accordingly, the provisions of the Antiterrorism and

Effective Death Penalty Act ("AEDPA") apply to this case.  Lindh

v. Murphy, 117 S.Ct. 2059 (1997).  Under the AEDPA, federal

courts may not grant habeas corpus relief unless the underlying

state adjudication resulted in a decision that was contrary to,

or involved an unreasonable application of clearly established

federal law, as determined by the Supreme Court of the United

States; or resulted in a decision that was based on an

unreasonable application of the facts in light of the evidence

presented at the state court proceeding.  28 U.S.C. §

2254(d)(1)(2).

The first requirement has been explained by the United

States Supreme Court in Williams v. Taylor, 120 S.Ct. 1495

(2000)(plurality opinion).  Writing for a plurality of the Court,

Justice O'Connor held that,

> ... § 2254(d)(1) places a new constraint on the power
> of a federal habeas corpus court to grant a state

5

> habeas petitioner's application for a writ of habeas
> corpus with respect to claims adjudicated on the merits
> in state court.  Under § 2254(d)(1) the writ may issue
> only if one of the following two conditions is
> satisfied - the state-court adjudication resulted in a
> decision that (1) 'was contrary to. . . clearly
>     established federal law as determined by the
> Supreme Court of the United States,' or (2) 'involved
> an unreasonable application of . . . clearly
> established Federal law as determined by the Supreme
> Court of the United States.'

Id. at 1523 (O'Connor, J., concurring in judgment).

With respect to the "unreasonable application" clause,

Justice O'Connor further explained that "a federal habeas court

may not issue the writ simply because that court concludes in its

independent judgment that the relevant state-court decision

applied clearly established federal law erroneously or

incorrectly.  Rather, that application must also be

unreasonable."  Id. at 1522.

Additionally, a determination of a factual issue made by a

state court shall be presumed correct.  The petitioner has the

burden of rebutting the presumption of correctness by clear and

convincing evidence.  28 U.S.C. § 2254(e)(1).  See also, Fisher

v. Lee, 215 F.3d 438, 446 (4th Cir. 2000); Frye v. Lee, 235 F.3d

897, 900 (4th Cir. 2000).

In sum, the AEDPA amendments exalt the role that a state

court's decision plays in a habeas decision by specifically

directing the federal court to make the state court decision the

starting point of federal review; only if that decision deviates

6

from the paradigm recited in § 2254(d) can a habeas court grant
relief.  A federal habeas court may not issue the writ simply
because that court concludes in its independent judgment that the
relevant state court decision applied clearly established federal
law erroneously or incorrectly.

### EXHAUSTION AND PROCEDURAL BAR

The exhaustion requirement set forth in 28 U.S.C. §
2254(b)[1], requires that "a habeas petitioner must fairly present
his claim to the state's highest court."  <u>Baldwin V. Reese</u>, 124
S.Ct. 1347, 158 L.Ed.2d 64 (2004).  The petitioner bears the
burden of proving a ground for habeas relief has been exhausted

---

[1] The statute states in relevant part:
(b)(1) An application for a writ of habeas corpus on behalf of a
person in custody pursuant to the judgment of a State court shall
not be granted unless it appears that—
        (A) the applicant has exhausted the remedies available in
the courts of the State; or
        (B)(I) there is an absence of available State corrective
process; or
        (ii)  circumstances exist that render such process
ineffective to protect the rights of the applicant.
        (2)  An application for a writ of habeas corpus may be
denied on the merits, notwithstanding the failure of the
applicant to exhaust the remedies available in the courts of the
State.
        (3)  A State shall not be deemed to have waived the
exhaustion requirement or be estopped from reliance upon the
requirement unless the State, through counsel, expressly waives
the requirement.
(c)  An applicant shall not be deemed to have exhausted the
remedies available in the courts of the State, within the meaning
of this section, if he has the right under the law of the State
to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1)—(3),(c).

because the exhaustion requirement, although not jurisdictional, is strictly enforced. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), cert. denied, 118 S.Ct. 102 (1997).

However, when a petitioner has no further way to exhaust his unexhausted claims, he is not required to attempt to do so; his claims are deemed technically exhausted for habeas purposes. Matthews v. Evatt, 105 F. 3d 907 (4th Cir. 1997).

Although the claims are technically exhausted, they are nonetheless unreviewable here on the merits because an adequate and independent state law ground, state procedural bypass, is sufficient to uphold the petitioner's convictions. Harris v. Reed, 489 U.S. 255 (1989); Coleman v. Thompson, 501 U.S. 722, 735 (1991). Additionally if a petitioner fails to present a ground for decision, so the state court has nothing upon which to rule, that is a default barring review on the merits here as well. Coleman 501 U.S. at 735; Teague v. Lane, 489 U.S. 288 at 299 (1989). In other words, where the state court has not had the opportunity to apply its own procedural bar, the federal court will nevertheless bar the claim where application of the bar is clear. Teague, 489 U.S. at 297-98; Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990).

Nonetheless, a petitioner may overcome the default by showing cause for the default and prejudice therefrom, or actual innocence. See, e.g., Harris v. Reed, 489 U.S. 255 (1989).

8

## DISCUSSION

A review of the record and relevant case law indicates that the petitioner is not entitled to habeas corpus relief because both his grounds for habeas relief are technically exhausted but procedurally defaulted, barring review here.

Petitioner's first ground presented here is a ground which must be presented on direct appeal.  In his first ground he assigns error to the trial court's admission of hearsay testimony by Officer Sessions concerning what a confidential informant told him.  The court's admission of testamentary evidence is an issue of trial procedure which must be raised on direct appeal.  In his direct appeal, Petitioner presented a single question:  Did the lower court err in finding the warrant to search appellant's motel room valid?  Petitioner did not fairly present the current claim to the South Carolina Supreme Court as required.  Baldwin v. Reese, 124 S. Ct 1347, 158 L.Ed.2d 64 (2004); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997).  In order to exhaust a federal habeas claim in state court a petitioner must have expressly raised that same federal constitutional claim in state court that he raises in federal court.  See, Duncan v. Henry, 513 U.S. 364, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995).  This claim is defaulted.

In his second ground the petitioner argued that the prosecutor refused to produce material he was obligated to

9

produce under <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194 (1963). Petitioner did not present this ground in his direct appeal or in his petition for a writ of certiorari before the South Carolina Supreme Court. He has defaulted this claim as well.

Lastly, Petitioner has not made the requisite showing to overcome this default, <u>Coleman v. Thompson</u>, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. <u>Murray v. Carrier</u>, 477 U.S. 478, 106 S.Ct. 2639 (1986). Absent a showing of cause, the court is not required to consider actual prejudice. However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. <u>Murray v. Carrier</u>, *supra*. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. <u>United States v. Frady</u>, 456 U.S. 152, 102 S.Ct. 1584 (1982). The petitioner has not met the requisites of cause or prejudice and there is no suggestion that the petitioner is actually innocent of the crime for which he was convicted. Therefore, these issues should be dismissed as procedurally barred.

### CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the respondents' motion for summary judgment be

10

granted and the petitioner's motion for summary judgment be denied.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

September **25**, 2006

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
&

The **SERIOUS CONSEQUENCES** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, <u>but not thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

12