UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael Owens, #265085<br><br>    Petitioner,<br><br>  v.<br><br>Anthony Padula, Warden, Lee Correctional Institution; Jon Ozmint; and Henry McMaster, Attorney General of the State of South Carolina,<br><br>    Respondents. | C/A No. 2:06-0639-GRA-RSC<br><br>**ORDER**<br>(Written Opinion) |

  This matter comes before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D. S.C., and filed on September 26, 2006. Petitioner filed an action pursuant to 28 U.S.C. § 2254 on March 7, 2006. Respondents filed a motion for summary judgment on April 28, 2006. On May 5, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences for failure to adequately respond. The petitioner filed a response in opposition to summary judgment on May 11, 2006, and also filed his own motion for summary judgment against Respondents. The magistrate recommends granting Respondents' motion for summary judgment and denying Petitioner's motion for summary judgment.

1

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner filed objections on October 12, 2006.

The Petitioner does not state any specific objection to the magistrate's Report and Recommendation. He merely restates and reargues the issues that were set forth in his response in opposition to summary judgment and in his motion for summary judgment. Petitioner's objections are general and conclusory. *See Orpiano v. Johnson*, 687 F.2d at 47. For example, Petitioner asks "why wasn't the Hearsay/ Confrontation claim allowed at his P.C.R. Evidentiary Hearing," Objections, p. 7, but does not specifically address any errors in the magistrate's Report and Recommendation. Petitioner also alleges that he "has made the requisite showing to overcome the default," *id.*, but provides no basis to support this assertion. Therefore, this court holds that Petitioner's objections lack the specificity to trigger *de novo* review and declines to address them.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Respondents' motion for summary judgment be GRANTED and Petitioner's motion for summary judgment be DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

November   22  , 2006

Anderson, South Carolina

<u>NOTICE OF RIGHT TO APPEAL</u>

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.