UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael Owens ) | |
| ) | C/A No. 2:06-cv-00639-GRA-BHH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Anthony Padula, Warden Lee ) | |
| Correctional Institution; Jon Ozmint, ) | |
| Director, S.C. Department of ) | |
| Corrections; Henry D. McMaster, ) | |
| Attorney General of South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

This matter is before this Court for review of Petitioner's "Motion for Rehearing" which this Court will construe as a motion to reconsider. Petitioner asks this court to reconsider his prior habeas corpus petition, pursuant to 28 U.S.C. § 2254, which this Court decided on November 22, 2006 in Civil Action No. 2:06–cv-00639-GRA-RSC. Petitioner filed this motion on August 3, 2007.

Petitioner is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

1

Petitioner asks this Court to reconsider its Order in Civil Action No. 2:06-cv-00639-GRA-RSC which was filed on November 22, 2007. That Order adopted the magistrate's Report and Recommendation granting summary judgment in favor of Respondents and dismissed Petitioner's claims for habeas relief pursuant to § 2254. This Court based its decision on a finding that Petitioner did not state any specific objections to the magistrate's Report and Recommendation. As stated in the Order, "'Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation.'" *Owens v. Padula*, No. 2:06–cv-00639-GRA-RSC at 3 (D.S.C. filed Nov. 22, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). Petitioner merely restated and reargued the issues that were set forth in his response in opposition to summary judgment and in his motion for summary judgment. *Id. S*ince Petitioner failed to file objections specific to the magistrate's findings, within the stated time period, this Court adopted the magistrate's Report and Recommendation granting summary judgment in favor of Respondents. Petitioner then filed a Motion for Leave to Proceed *In Forma Pauperis* on appeal on February 28, 2007. In a second order, this Court denied Petitioner's Motion for Leave to Proceed *In Forma Pauperis* on appeal finding that Petitioner's notice of appeal was untimely. *See Owens v. Padula*, No. 2:06-cv-00639-GRA-RSC (D.S.C. filed March 9, 2007).

2

The Fourth Circuit consolidated Petitioner's appeals and issued an opinion on July 9, 2007. The opinion denied Petitioner's certificate of appealability, with respect to this Court's Order adopting the magistrate's Report and Recommendation but vacated this Court's Order denying Petitioner's appeal to proceed *in forma pauperis*. *See Owens v. Padula*, Nos. 07-6063, 07-6603, 2007 WL 2005116 (4th Cir. filed July 9, 2007) (unpublished). In denying Petitioner's certificate of appealability, the Fourth Circuit upheld this Court's Order adopting the magistrate's Report and Recommendation. However, the Fourth Circuit, vacated the Order denying Petitioner's motion to proceed *in forma pauperis* because Petitioner's notice of appeal was, in fact, timely filed. *Id.*

In the present motion, Petitioner essentially argues that this Court should reconsider his petition for habeas relief, pursuant to § 2254, because the Fourth Circuit's opinion, vacating this Court's order denying Petitioner's Motion to Appeal *In Forma Pauperis*, proves that there is a conflict with this Court's decision to adopt the magistrate's Report and Recommendation. However, Petitioner's claims are without merit. Petitioner confuses this Court's Order filed on March 9, 2007, denying Petitioner's appeal, with this Court's Order filed on November 22, 2007 adopting the magistrate's Report and Recommendation and granting Respondents' Motion for Summary Judgment. For example, Petitioner claims that it was reversible error for the Court to find that Petitioner's filing of objections to the Report and Recommendation was untimely. Petr's Mem. in Supp. of Mot. for Recons., p. 4. However, it was the

3

Motion for Leave to Proceed *In Forma Pauperis* that the Fourth Circuit correctly vacated as timely filed, not this Court's Order adopting the magistrate's Report and Recommendation based on a finding that Petitioner failed to file specific objections within the stated time period. *See Owens*, Nos. 06-6063, 07-6603, 2007 WL 2005116. It is the latter finding which the Fourth Circuit upheld in its opinion denying Petitioner's certificate of appealability and dismissing the appeal. *See Owens*, No. 07-6063, 2007 WL 2005116.

This Court admits that it committed error by denying Petitioner's Motion for Leave to Proceed *In Forma Pauperis* on Appeal, as Petitioner did in fact timely file its notice of appeal with the court. *See Houston v. Lack*, 487 U.S. 266, 376 (1988) ("[N]otice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."). Nevertheless, this Court's decision to adopt the magistrate's Report and Recommendation, granting Respondents' Motion for Summary Judgment, was correct. For the foregoing reasons, this Court denies the Motion for Reconsideration.

IT IS THEREFORE ORDERED that the Motion for Reconsideration be DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

August 29, 2007
Anderson, South Carolina.

## NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.